**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) National Cancer Assistance Foundation Inc., a Delaware Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-17-777-R |
| (1) National Community Advancement, Inc., a Delaware Corporation, | ) ) ) | |
| and | ) ) | |
| (2) Courtesy Call, Inc., a Nevada Corporation, | ) ) ) ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW, Plaintiff, National Cancer Assistance Foundation, Inc. (hereinafter "Plaintiff"), by and through its attorneys, and states the following in support of its Complaint for trademark infringement, unfair competition, and deceptive trade practices against Defendants, National Community Advancement, Inc. and Courtesy Call, Inc. (hereinafter "Defendants"). In support of its claims, Plaintiffs further states:

**THE PARTIES**

1. Plaintiff has as its principal place of business at 140 South Beach Street, Suite 310, Daytona Beach, Florida 32114.

1

2. Plaintiff is a corporation organized and existing under the laws of the State of Delaware.

3. Plaintiff is registered with the Oklahoma Secretary of State as a registered Charitable Organization since September 3, 2009 and has conducted business in Oklahoma and specifically the Federal Western District of Oklahoma since at least as early as September 3, 2009.

4. Upon information and belief, Defendant National Community Advancement, Inc. has its principal place of business presently at 3907 N. Federal Highway, Suite 283, Pompano Beach, Florida 33064.

5. Upon information and belief, Defendant National Community Advancement, Inc. is a corporation organized and existing under the laws of the State of Delaware.

6. Upon information and belief, Defendant National Community Advancement, Inc. is formerly known as NATIONAL POLICE ASSOCIATION, INC. and is registered with the Oklahoma Secretary of State as a registered Charitable Organization since August 23, 2013 and has conducted business, and continues to conduct business, in Oklahoma and specifically the Federal Western District of Oklahoma since at least as early as August 23, 2013.

7. Upon information and belief, Defendant, Courtesy Call, Inc. has its principal place of business presently at 1835 E. Charleston Blvd # 4, Las Vegas, Nevada 89104.

8. Upon information and belief, Defendant, Courtesy Call, Inc. is a corporation organized and existing under the laws of the State of Nevada.

9. Upon information and belief, Defendant, Courtesy Call, Inc. is registered with the Oklahoma Secretary of State as a professional fundraiser solicitor since August 23, 2013 on behalf of Defendant, National Community Advancement, Inc. and has conducted business, and continues to conduct business, in Oklahoma, and specifically in the U.S. District Court of the Western District of Oklahoma since at least as early as August 23, 2013.

10. Upon information and belief, Defendants, Courtesy Call, Inc. and National Community Advancement, Inc. work jointly and in cooperation to solicit funds in, among other places, Oklahoma.

**JURISDICTION AND VENUE**

11. This action arises under federal law, namely the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under the laws of the State of Oklahoma, namely OKLA. STAT. tit. 78 §§ 33 and 51 *et seq*. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367, because this action arises under the Lanham Act, Title 15 of the United States Code.

12. This court has personal jurisdiction over Defendants under 28 U.S. C. § 1391, because they have conducted business, continue to conduct business, and have caused damages to Plaintiff in this district. This Court has jurisdiction over the claims arising under

the laws of the State of Oklahoma pursuant to 28 U.S.C. § 1367. Venue is properly laid in this District under 28 U.S.C. §§ 1391-92.

## FACTUAL BACKGROUND

13. Plaintiff is a non-profit, tax-exempt under 26 U.S.C. § 501(c)(3), Delaware organization that provides financial assistance to families and children stricken with cancer and its effects through distribution of donated funds.

14. Plaintiff provides fundraising efforts across the country and is registered to do so in Oklahoma since on or before 2009.

15. Plaintiff is the owner of the trademark and or service mark BREAST CANCER ASSISTANCE FUND (hereinafter referred to as the "MARK").

16. Plaintiff has acquired secondary meaning by its consistent and ongoing use over the past eight (8) years across the country and including the Western District of Oklahoma.

17. Upon Information and belief, Defendants jointly conduct fundraising for distribution to cancer victims.

18. Plaintiff and Defendants are in competition for the same fundraising dollars and have never had a business relationship.

19. Defendants were put on notice on April 18, 2017 of the alleged infringement by registered mail and have failed to cease and desist use of the MARK.

20. Plaintiff has received information and questions from third parties who have been misled and/or confused as to the sponsorship, origination, and affiliation of fundraising efforts between Plaintiff and Defendants.

21. Plaintiff has been damaged by such false and/or misleading statements in the loss of good will as well as monetarily.

### COUNT 1.  VIOLATION OF TRADEMARK UNDER THE LANHAM ACT

Plaintiff incorporates by reference the paragraphs set forth above and further alleges:

22. By using the MARK, Defendants have infringed Plaintiff's trademark and unfairly competed with the Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

23. Defendants' use of the MARK is intentional, in that Defendants continue to use the mark after Defendants learned of Plaintiff's rights, thereby making this case exceptional pursuant to 15 U.S.C. § 1117.

24. Defendants' use of the MARK is deceptive and has caused confusion in the marketplace.

25. As a result of Defendants' unfair competition, Plaintiff is entitled to injunctive relief, treble its actual damages (including Defendants' profits), costs, and reasonable attorney fees.

26. Defendants' use of the MARK constitutes an appropriation of Plaintiff's reputation, goodwill, business opportunities, and revenues.

27. Defendants' use of the MARK as well as the false and/or misleading statements is likely to cause confusion, or mistake, or to deceive as to the source of origin of Defendants' and Plaintiff's goods and services.

### COUNT 2.  VIOLATION OF OKLAHOMA'S UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

Plaintiff incorporates by reference the paragraphs set forth above and further alleges:

28. By knowingly making false and/or misleading statements, Defendants have violated the Oklahoma Deceptive Trade Practices Act, OKLA. STAT. tit. 78, § 53, *et seq*.

29. Defendants' false and/or misleading statements as to the origin and affiliations of its services, as well as use of the MARK constitutes an appropriation of Plaintiff's reputation, goodwill, business opportunities, and revenues.

30. Defendants' false and/or misleading statement as well as the use of the registered MARK is likely to cause confusion, or mistake, or to deceive as to the source of origin of Defendants' and Plaintiff's goods and services.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

**A.** That the Defendants and all other persons, firms, or corporations acting or claiming to act on its behalf, or in concert with them be restrained, enjoined, and prohibited from making false and/or misleading statements as well as using the registered MARK or any name or logo substantially similar to the trademark, either alone or in combination with other works or symbols, as a part of any trademark, service mark, trade name, corporate name, or

in any other manner associated with any business products and services relating to Defendants' business, or the products or services Defendants sells or otherwise provides;

    **B.**    That the Defendants make corrective advertising or pay for corrective advertising.

    **C.**    That the Defendants serve upon Plaintiff, or its counsel, within ten (10) days after the entry of an injunction, a written report under oath setting forth in detail the manner in which Defendants have complied with the injunction;

    **D.**    That Defendants pay damages in an amount determined at trial, which damages include, without limitation:

        **i.**    Defendants' profits, trebled pursuant to 15 U.S.C. § 1117 (b), in an amount to be determined.

        **ii.**    Actual damages in an amount to be determined.

        **iii.**    Judgment against Defendants for reasonable attorney fees and all costs of these proceedings pursuant to 15 U.S.C. § 1117 (a).

    **E.**    Judgment against Defendants granting such other and further relief as is just and equitable.

**JURY TRIAL DEMANDED**

Respectfully submitted,

*s/ Cody J. Cooper*
Martin G. Ozinga, Oklahoma Bar No. 13890
Cody J. Cooper, Oklahoma Bar No. 31025
PHILLIPS MURRAH P.C.
Corporate Tower – Thirteenth Floor
101 North Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile:  (405) 235-4133
mgozinga@phillipsmurrah.com
cjcooper@phillipsmurrah.com

*Attorneys for Plaintiff,*
*National Cancer Assistance Foundation, Inc.*