UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| National Cancer Assistance Foundation Inc., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> National Community Advancement, Inc., a Delaware Corporation, <br><br> and <br><br> Courtesy Call, Inc., a Nevada Corporation, <br><br> Defendants. | Civil Action No. 5:17-cv-00777-R |

### DECLARATION OF KERRY SHARON

I, Kerry Sharon, declare as follows:

1. I am over the age of 18 and am competent to make this Declaration. I have personal knowledge of all facts stated herein, and, if called as a witness, could competently testify to these facts.

2. I am the President of National Community Advancement, Inc., a corporation of Delaware (hereinafter "NCA"). NCA is in the business of organizing and developing charitable projects that aim to support, assist, educate, advise, and comfort victims and survivors of breast cancer, and promote awareness of early treatment of breast cancer.

3. NCA has a principal place of business at 3907 N. Federal Highway, Suite 283, Pompano Beach, Florida 33064. NCA has utilized Pompano Beach, Florida as its principal place

1

of business since its inception. As such, I currently reside in Florida near NCA's principal place of business.

4. NCA does not conduct any business in Oklahoma.

5. NCA does not have any offices or employees that reside in Oklahoma.

6. NCA's employees do not travel to Oklahoma as part of NCA's regular business activities.

7. It is my understanding that if this case was not dismissed and trial were to commence in this case I will be a material witness to testify regarding a number of important, relevant issues, such as for example NCA's adoption and use of its "BREAST CANCER ASSISTANCE FUND" trademark and rebuttal of claims that National Cancer Assistance Foundation Inc., the Plaintiff in this case, has superior rights in NCA's "BREAST CANCER ASSISTANCE FUND" trademark.

8. It is my understanding that if this case was not dismissed and trial were to commence in this case I will also be a material witness to testify in regards to NCA's donation receipts and other matters relating to damages in this case and to the case at trial.

9. Traveling to Oklahoma to participate in the present lawsuit would place a significant burden upon me, given that I reside in Florida.

10. Because NCA's principal place of business is in Pompano Beach, Florida, appearing at trial in Florida would be much more convenient.

11. Documentation regarding NCA's donation receipts and relevant communications with third-parties pertaining to NCA's business activities are located in Pompano Beach, Florida.

12. To my knowledge, no documents or tangible things related to any of NCA's business activities are located in Oklahoma.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Executed on _____1) September_____, 2017

_____
Kerry Sharon