IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIONAL CANCER ASSISTANCE FOUNDATION, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-17-777-R<br>) |
| NATIONAL COMMUNITY ADVANCEMENT, INC. | )<br>)<br>) |
| and | )<br>) |
| COURTESY CALL, INC., | )<br>)<br>) |
| Defendants. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION TO DISMISS OR TRANSFER**

Defendant National Community Advancement, Inc. ("NCA") submits this Reply in support of its Motion to Dismiss or Transfer the action filed against NCA by Plaintiff National Cancer Assistance Foundation, Inc. ("Plaintiff"). Defendant NCA has a principal place of business in Pompano Beach, Florida. Plaintiff has no offered evidence that NCA conducts business in Oklahoma. NCA does not have offices or employees that reside in Oklahoma. NCA employees do not travel to Oklahoma as part of their regular business activities. No documents or tangible things related to any of NCA's business activities are located in Oklahoma. NCA has no presence in, or deliberate contact with, Oklahoma at all, and the Complaint fails to allege facts sufficient to establish personal jurisdiction or venue in this district.

{1745813;}

In the Plaintiff's opening remarks in their Response to NCA's Motion to Dismiss, Plaintiff describes NCA as a charitable organization registered in Oklahoma "who expressly intends to solicit potential donations from Oklahoma citizens from August 17, 2017 through August 23, 2018 by way of direct mail and telephone…" Although it is unclear where the Plaintiff derived the August 17, 2017 date, the period described above is *after* the date of the Complaint. Clearly, the Plaintiff cannot rely upon the inference that NCA might have some presence in Oklahoma at some future point in order to support their argument in favor of personal jurisdiction over NCA in Oklahoma. In addition to this opening statement, none of the Plaintiff's other points are valid in support of their argument in favor of jurisdiction.

## ARGUMENTS

### I.   STANDARD GOVERNING SPECIFIC JURISDICTION

In their Response Brief, the Plaintiff has conceded that "NCA does not have a sufficient presence in Oklahoma to establish general jurisdiction," and thus must rest its case on specific jurisdiction. Where the assertion of jurisdiction is specific, *i.e.*, based upon a non-resident's contacts with the forum that are related to the controversy, "[d]ue process is satisfied if a non-resident defendant has 'minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Gilbert v. Security Finance Corp. of Okla.*, 2006 OK 58, ¶ 16, 152 P.3d 165, 173, (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)); see also *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985). In this regard, a two-step inquiry is applied: (1) whether the nonresident

purposefully established minimum contacts with the forum state; and (2) if so, whether the court's assertion of jurisdiction comports with traditional notions of fair play and substantial justice. *Burger King,* 471 U.S. at 474-476.

## II. PLAINTIFF'S COMPLAINT FAILS TO ASSERT FACTS TO SUPPORT SPECIFIC JURISDICTION

### a. Lack of Minimal Contacts

The allegations in the Complaint fail to show any basis for specific jurisdiction over NCA. As discussed above, NCA does not purposely direct any of their business to Oklahoma customers, or purposely avail itself of the privilege of doing business in Oklahoma. "[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King*, 471 U.S. at 474 (citing *Int'l Shoe*, 326 U.S. at 316). There are no allegations of any kind in the Complaint of NCA's contacts with the forum state related to the controversy. Since the purposeful availment requirement is not met, specific jurisdiction over NCA does not exist.

The Plaintiff has relied on the New Jersey case of *Deborah Heart and Lung Center v. Children of the World Foundation, Ltd.,* 99 F.Supp.2d 481, 487 (D. N. J. 2000) for the argument that regularly soliciting and receiving donations from the residents of a state provides sufficient evidence of the purposeful availment requirement. In spite of these arguments, the Plaintiff has clearly not offered sufficient evidence to prove that NCA regularly solicited and received donations from Oklahoma, but rather inferred that there might be some intent in the future to solicit and receive donations. In fact, the

Plaintiff has not offered sufficient evidence to prove that NCA has solicited or received any donations in Oklahoma.

The Plaintiff appears to be relying upon the evidence found in the four Exhibits shown in their Response Brief.  In Exhibit 1, the Plaintiff shows the Registration Statement of Charitable Organization, National Police Association, Inc.  As pointed out in NCA's Motion to Dismiss, the mere fact that NCA was formerly known as National Police Association is insufficient evidence to support an argument of personal jurisdiction since there was no evidence offered to suggest that NCA has carried on the work done by the National Police Association, Inc., and in fact, the name change to NCA would suggest that its work has changed as well.  Moreover, the Plaintiff has offered no evidence to even show that the National Police Association has solicited or received any donations in Oklahoma.  The Plaintiff additionally provides in Exhibits 2 and 3, the Renewal Registration of NCA as a Charitable Organization in the State of Oklahoma.  These documents show, at most, an intent to possibly solicit contributions at some point in the future.  In *Deborah Heart and Lung Center*, cited by the Plaintiff and above, the Court appears to specifically require actual proof of solicitations, as opposed to the mere inferences provided by the Plaintiff.  *Deborah Heart and Lung Center,* 99 F.Supp.2d at 487.

Finally, the Plaintiff argues that NCA has retained Donor Relations, LLC to act on its behalf as a professional fundraiser in Oklahoma.  Exhibit 4 shows the Registration as a Professional Fundraiser form for Donor Relations, LLC.  Page 3 of Exhibit 4 lists Donor Relations' many charitable organizations.  NCA appears near the bottom of the list, with

a contract term extending from 7/1/2016 to 6/30/2022. Page 5 of Exhibit 4 lists names with the heading "#4 DR OK callers." There is no evidence provided to suggest that Donor Relations has called or even intended to call those individuals on behalf of NCA, or any of the other corporations listed on page 3, or precisely what is the intent of the list. Clearly, the Plaintiff has not established a prima facie showing of personal jurisdiction over NCA.

### b. Reasonableness Requirement and Due Process

Moreover, the exercise of specific jurisdiction over NCA would still fail because it does not comport with the traditional notions of fair play and substantial justice. *Burger King*, 471 U.S. at 476 (noting that once purposeful availment has been established, these minimum contacts must be analyzed in the context of other factors to determine whether notions of fair play and substantial justice are satisfied). This second prong of the analysis is often referred to as the "reasonableness requirement." In evaluating the reasonableness requirement, courts consider: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the alleged controversy; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of cases; and (5) the shared interest of all states in furthering fundamental substantive social policies. *Id.* at 477 (internal citations and quotations omitted). Moreover, the specific jurisdiction analysis is based on a sliding scale -- the weaker the plaintiff's showing of minimum contacts, the easier it is for the defendant to prevail on the basis that jurisdiction does not comport with fair play and substantial justice. *Id.* at 1078-79.

Here, Plaintiff's showing of minimum contacts is non-existent, so the reasonableness inquiry is moot. But even if the Plaintiff could muster a weak showing of minimum contacts, NCA would only need to make a minimal showing of unreasonableness under the second prong to defeat jurisdiction. It is irrelevant whether Mr. Sharon can afford to pay for travel expenses to Oklahoma, or whether his health makes travel difficult, as argued by the Plaintiff. The question is whether it is unreasonable to require NCA to litigate in a state outside of where both parties reside, and where Oklahoma would have little interest in adjudicating the alleged controversy given that there is no evidence to show that the alleged misconduct took place in their jurisdiction. In this case, that requirement would be unreasonable.

The Plaintiff has clearly failed to make a showing of personal jurisdiction in this case. The Plaintiff has failed to provide evidence that NCA has availed itself of the privilege of doing business in Oklahoma. NCA has a principal place of business in Florida, there is no evidence that NCA conducts any business in Oklahoma, NCA does not have any offices or employees that reside in Oklahoma, NCA does not have any employees that travel to Oklahoma as part of their regular business activities, and no documents or tangible things related to any of NCA's business activities are located in Oklahoma. Additionally, the exercise of personal jurisdiction over NCA would fail in this case under the principals of fair play and substantial justice. Although only a minimal showing of unreasonableness would be required, in this case, there is a substantial showing of unreasonableness in having NCA litigate this matter in Oklahoma.

## III.   IMPROPER VENUE UNDER 28 U.S.C. § 1391

Plaintiff bears the burden of proving proper venue. *See Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998)). In assessing whether a plaintiff has met this burden, the facts alleged in the Complaint are taken as true, but only to the extent they are uncontroverted by the defendant's evidence. See *Id*. Furthermore, in asserting proper venue, it is not sufficient for a plaintiff to offer up a mere recitation of the language of the venue statute. See, e.g., *Koenig Healthcare Edmond, PLLC v. Peyroux*, 2017 U.S. Dist. LEXIS 13024 at *2-3 (U.S. District Court for the Western District of Oklahoma finding that the mere recitation in a Complaint that "a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district" is insufficient to establish proper venue.) Rather, the plaintiff must allege specific facts sufficient to prove that venue is proper in the district in which the Complaint is filed. *Id*.

The Plaintiff has clearly not met this burden. As pointed out above, NCA and the Plaintiff both have a principal place of business in Florida, there is no evidence that NCA conducts any business in Oklahoma, NCA does not have any offices or employees that reside in Oklahoma and NCA does not have any employees that travel to Oklahoma as part of their regular business activities. Plaintiff only makes unsubstantiated allegations that NCA conducts business in Oklahoma. The Plaintiff has failed to provide actual evidence that NCA conducts any business in Oklahoma, based on the Exhibits provided. Thus, based on a subsection (b)(2) analysis, it would be disingenuous for the Plaintiffs to argue that a "substantial part of the events or omissions giving rise to the claim occurred"

in Oklahoma, given that the Plaintiff has provided no evidence to support the fact that NCA actually solicited funds in Oklahoma.

### IV. TRANSFER OF VENUE UNDER 28 U.S.C. § 1404(a) IS APPROPRIATE

The statute provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404 (a). The discretionary factors that a court should consider include: "the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof…and, all other considerations of a practical nature that make a trial easy, expeditious and economical." *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967). Although the plaintiff's choice of a forum was also one of the *Chrysler* factors, this factor is not determinative, and certainly would not alter the balancing factors in this case in having a forum outside of the state of Florida, where both parties have a principal place of business. See e.g., *Iron Cross Auto., Inc. v. Rampage Prod., LLC,* WL 5466660, at *3 (N.D. Okla. Sept. 30, 2013).

In this case, the accessibility of witnesses and proof, the cost of attaining attendance of witnesses, and the fact that both parties reside in the same state of Florida, clearly make dismissal, or in the alternative, transfer to the United States District Court for the Southern District of Florida, appropriate.

## V.   JURISDICTIONAL DISCOVERY

As stated above, Plaintiff has failed to show that jurisdiction and venue are in any way appropriate in this case. It is respectfully submitted that jurisdictional discovery is not likely to lead to any new information of value regarding the inquiry of proper jurisdiction and venue in the present case. Thus, NCA respectfully opposes Plaintiff's request for jurisdictional discovery.

Dated: October 3, 2017

                              Respectfully submitted,

                              */s/Craig Fitzgerald*
                              Craig A. Fitzgerald, OBA #15233
                              **GABLEGOTWALS**
                              1100 ONEOK Plaza
                              100 West Fifth Street
                              Tulsa, Oklahoma 74103-4217
                              Telephone (918) 595-4800
                              Facsimile (918) 595-4990
                              *cfitzgerald@gablelaw.com*

                              **ATTORNEYS FOR DEFENDANT**
                              **NATIONAL COMMUNITY ADVANCEMENT, INC.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 3rd day of October, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of the Electronic Filing to the following ECF registrants:

  Martin G. Ozinga  mgozinga@phillipsmurrah.com
  Cody J. Cooper  cjcooper@phillipsmurrah.com
  Jennifer L. Miller, jlmiller@phillipsmurrah.com

And by US Mail, postage prepaid, to the following:

  *None.*


            */s/Craig Fitzgerald*